in the developing circuit split regarding the constitutionality of trash pools when the trash is within the curtilage of the home, and reconciling California v. Greenwood with the Supreme Court's new guidance in Florida v. Jardines. Now, the procedural posture of this case requires this Court to make a decision whether or not there is ever a circumstance when it would be unconstitutional for the police to do a warrantless search of trash cans that are next to a residence within the curtilage of a home in the Eighth Circuit. We have some guidance from the Eighth Circuit in Camus back in 1992. However, the facts of this particular case would actually extend United States v. Camus, and we would suggest that that decision was wrongly decided and is implicitly determined to be wrongly decided after the Supreme Court's decision in Florida v. Jardines. Now . . . I thought this was an ineffective assistance case, not a Fourth Amendment case. It's both, Your Honor. Is there a direct Fourth Amendment claim, or is it all through the Sixth Amendment? There is a claim through . . . you would have to find ineffective assistance of counsel in failing to raise the Fourth Amendment claim. Oh, that's what I meant, yes. So, why was it ineffective for failing to raise this claim at the time in light of the law of the circuit? Well, Your Honor, for a number of reasons. One, we're on initial review, and so there has to be a ruling that there could never be a factual situation where he could have been successful, that the Franks v. Delaware hearing would have been denied. And I simply . . . to get to that point, this Court would have to say that there was no merit to the trash pull, that the counsel would have to always be correct in not filing a motion to suppress in that circumstance. Well, under Comeau, wouldn't he have been unsuccessful? I would suggest no. First off, no, not necessarily unsuccessful. And also, that I don't think we can simply judge effectiveness of counsel based on an Eighth Circuit decision when you've got direct circuit split on point, and that counsel has a duty to . . . What case says that, that counsel's ineffective for not seeking to get the Eighth Circuit to reverse its precedent? There's no case that says that, Your Honor. Aren't there cases that say the opposite, actually? There are cases that say that it's not ineffective to raise a meritless argument, and if the law changes, that counsel wasn't ineffective in failing to predict that change. That's not the circumstance we have here. What we have here is a circuit split at the time regarding the trash pull. But Eighth Circuit was . . . he's in the Eighth Circuit, so that has to control, doesn't it? To some degree, it would, but the facts in this particular case would extend it. The prior panel rule says it has to. But this fact would extend Comeau. I mean, the facts of this case would actually extend it. What fact would extend it? Well, because in Comeau, you had the trash cans were actually on the other side of the garage. There was a trash bag sitting on top of the trash can, and the trash was coming from an alley. That's not the facts of this case. I didn't see any argument in your brief that these trash cans weren't readily accessible. Did I miss that? Well, we don't think readily accessible is the correct analysis. But that's what Comeau says. Wasn't there a factual dispute in this case about whether the cans were next to the residents or on the street? There would be a factual dispute should we get past initial review. I think at this point, you have to assume they're next to the house because we didn't have a factual hearing. It was dismissed on initial review, and the rules require the court to assume that from the face of the complaint, if he was being accurate in the complaint, that there is no remedy. And so because there wasn't any factual hearing at the 2255 stage, I think you have to presume that what he's saying is accurate. Did he specifically say that the trash was not at the curb? Yes. He said that the trash would not have been at the curb. It was next to the house, that he regularly doesn't set the trash out. No, I know he said that he regularly doesn't, and he had the woman who said he regularly doesn't. But did he say specifically that on this day, the trash was not? He says it would not have been, yes. Would not have. So he phrases it in the would not have been. He wasn't prepared to say directly that it was not. I think he would at a factual hearing. The way he phrased his actual petition. He didn't plead it that way. He pled it as alleging that the officers were lying in their affidavit because they would not have been at the curb. And here's how he was going to prove that they weren't, is that there was a bunch of snow on the one day of the two trash pulls, and that the weather report would actually demonstrate that there would not have been out there. I didn't follow that. Why does the snowfall show that people don't take their trash to the curb? Not people, but this particular defendant. He has evidence that show that when there is heavy snowfall, he does not, as a practice, put out his trash. And so if as a practice he does not put out his trash, if you also could show that this day was a heavy snowfall, it would show that he didn't put out his trash. He's trying to set forth... Well, doesn't he, in order to get a Frank's hearing, doesn't he have to show that on this specific day, he didn't, so that the officer is lying? Right, so he would... You just have general testimony that of ordinary practice by a third party. Is that enough to show that the officer lied? It comes... I mean, he says the officer lies. I think we're sort of parsing something. I mean, he's saying that it's not on the curb, that the trash cans are next to the house. And that's what he says, in that he provides support, regardless of just what he says, as to why he would be the one that was being truthful, rather than the officer. So he provides the affidavits to support the fact that on this day it wouldn't have been out there, because he doesn't ever set it out, except for when the trash man in the trash truck is visible or can be heard by people in the house. And that also, he doesn't set out trash on days of heavy snowfall. You know, I don't know how else you would ever demonstrate, if you're a regular citizen, that your trash isn't out on a specific day. Other than say, look, I never do it that way. I wouldn't have done it the night before. I don't ever do it the night before. Here's five people that say I would have never done it the night before, and here are the reasons why on this day I wouldn't have. That's the kind of thing that the Franks rule is set out to be, is that you put forth some sort of evidence as to why it is that you can contest the officer's statements and the affidavit. That's exactly what he's doing. And he's doing that in the 2255 context, where he gets the benefit. You read his petition, and you read his information, and is there ever a circumstance whereby this face of this petition, he could get relief? And the answer is yes. If we decide that there are some times when a trash poll is unconstitutional when it's outside of the House, but still within the curtilage, if it's possible, he gets to go on in the 2255. We're not reviewing whether or not the motion to suppress should have been granted, or under the facts of this case, it would have been granted. It's whether he has enough in that petition to get a factual hearing at the 2255 level, or at least order the government to respond into the adversary process. A factual hearing on what question? Whether the lawyer was ineffective for failing to raise a Franks motion? Yes. And procedurally, what it would look like is you'd essentially have to do the Franks motion at the factual hearing. You would have both ineffective argument as to have the attorney argue as to why he didn't file a motion to suppress. I can't fathom, being a defense practitioner, why you wouldn't in this circumstance at least try it. Well, he might say it was foreclosed by circuit precedent. He might, but you know what? We don't have that in the record because we got dismissed pro se, he got dismissed at the initial review. I know, you were just saying you couldn't fathom what he might say. There would be no reason not to try it. You have a circuit split. You're going to trial anyway. It's not like you're going to lose the benefit of a plea bargain or some other sort of argument. You have no reason not to challenge this particular case. Not to mention, we've got better facts than they had in the Kimmel case. We've got, if we can show at a factual hearing that what he says is true, that those trash cans were not outside, out on the curb, we can demonstrate that we've got prior inconsistent statements, false statements by a law enforcement officer that could help at trial. We've got suppression of not only the items within the trash, but then likely also the warrant because the majority of the warrant application is based on the trash pool. So you've got prejudice. You would engage in this motion to suppress, which would not be frivolous. It may not be successful under 8th Circuit guidance, possibly if they decide to extend commu, but we wouldn't necessarily have a frivolous motion. I mean, it wouldn't be sanctionable. And you'd get discovery and you'd get to question the officers, something that you don't get to do in a criminal case. There's just really no reason why you wouldn't file that. Was this an apartment building? Is that what he alleges? That he lived in an apartment building? It's not an apartment building. I believe that there are multiple family residences, but that this door was his door. It was his driveway. The government argues that... Is it a communal trash situation? No. It's not a communal trash situation. It's his trash can and it's his door, his driveway. And it's separated by his neighbor's driveway by that fence. So it's not a parking lot, as the government puts forth. And again, these are facts. Imagine his motion where he explains that, what you just said? Yes. The majority of those facts are in his motion to reconsider. In his 2255 itself, I only see a challenge to the January 21st trash pull. Am I missing something? I don't see a challenge to the February 4th one. In the initial petition, he doesn't say it that way. He does mention it, I believe, in the motion to reconsider that there were the two trash pulls. Is that too late? And doesn't the second trash pull, in and of itself, provide probable cause? I don't think it's too late. And I think you also... We can't say that it would provide probable cause because you've now got, if you found that the first trash pull was unconstitutional and that the officer lied, you could refer that onto the second trash pull. I mean, I think it would impact what would happen at a Franks hearing. Once you have a law enforcement officer, if there's a finding that what he says is true, that that first trash pull was, that they were next to the house, now you have a finding that the law enforcement officer isn't truthful. That would have to impact the second trash pull. And then he tries to do it again in the motion to reconsider. Now keep in mind, this is all pro se. There's no possible way that we can get counsel appointed to these guys before they apply for 2055. Something personally I think should be rectified, but it is not rectified. And so they have to do it by themselves. And had it gone beyond the initial review, he would have been allowed to have a lawyer appointed and we could have tried to amend it to do everything properly. And so I think we have Supreme Court guidance that you give him deference in his filings of what he's trying to do and what the point of what he's trying to do. You're in your rebuttal time. Okay. So I will reserve the rest of my time for rebuttal. Thank you. Mr. Romero? Your Honor, it's basically to take up the discussion that was going on when counsel sat down. The government urges the court not to accept the proposition that this case stands for that if there's ever a circumstance of seizure of a trash can within a curtilage, that really I don't think is the issue here. There are I think two main issues. Under a de novo review, is there ineffective assistance of counsel? And that I think squarely in this case appears to turn on whether or not this is a meritless claim. And following what was suggested by the panel, I think clearly the law of the Eighth Circuit at the time that this case was submitted to the district court under the 2255, Camus was controlling and under that case it would be a meritless claim. Any other panel of the Eighth Circuit would have been obligated to follow the law of Camus. Well, she says it's ineffective not to raise it, to preserve it for further review I think is one point that if there's a conflict in the circuits, a good lawyer, an effective lawyer, the argument goes, would raise it and then possibly prevail when the circuit split is resolved. What do you say to that? I would say a zealous and maybe very good lawyer would raise that. I don't think that's the standard of review with regard to habeas corpus for ineffective assistance of counsel. You think an effective lawyer can just acquiesce in the Eighth Circuit law even if there's a conflict in the circuits? Yes, I do. Have we said that in other cases? I don't have any authority for that specifically, but clearly there are a number of cases that have indicated that the prior panel decisions must be followed and even setting out priorities as if there are conflicts between panel decisions. We know that. We're talking about this other question of whether you've ever had a case about whether that's effective or ineffective. I did some research on this, Your Honor. I think the Court is aware this was not my case, but I did some research on this actually in preparation for this. I have no such case to offer to the Court. I also would disagree that there are necessarily better facts in this case than there were in Comeau. I don't know that this case is necessarily distinguishable from Comeau, especially on the record that the District Court had before it, and we have to keep going back to that. It isn't the record that is being developed today. It isn't the record since the Jardim decision, which was a full year or longer after the District Court finally decided what to do with the 2255 in this case. It's the record that existed at that time. I would dispute that all of the questions that are answered today were, in fact, contained in the record that was before the District Court. In fact, going to the second question, beyond the effectiveness of counsel with regard to the claim with regard to the garbage can, this Court reviews on a clear abuse of discretion whether or not the District Court properly denied a 2255 without a hearing. I think it's clear from the record and the references by the District Court, although those are limited, that the District Court had other factors before it. First of all, there was a significant credibility issue with regard to the defendant himself. If all the defendant presented the court to raise, for example, the Franks hearing, was the bald claim of the defendant, which in fact appears to be the circumstance in this case before the District Court, the District Court could look at the credibility determination it had already made in the trial record with regard to the defendant so that there are two potential failings with regard to the Franks issue in terms of denying a 2255 without a hearing. One is the prior credibility determination of the District Court with regard to the defendant. Since the record that was being perfected by the 2255 essentially exclusively relied on representations by the defendant. What do you mean by the prior credibility determination? The District Court had assessed an enhancement for perjury at the time of trial and had made very specific and actually fairly graphic findings in the record with regard to that. I believe one of the references quoting the District Court was that the District Court had observed that some of the jurors had a discrepancy in the testimony of the defendant. So you're saying that the judge could discount the claims in the petition based on his view of the defendant's credibility in the trial without having a hearing on credibility? Yes. He could discount them or weigh them. Discount is the ultimate weight, but he could discount them because of the record that was made at the trial. I think under a 2255 it's clear that the court can use the complete record before it, which included the trial record. The court found the and these are my words, not the court's words, but the court found the testimony of the defendant at trial to be perjurious pervasively throughout the testimony of the defendant. It was not an isolated incident. Again, I think that the finding of the court and part of it I think is actually referenced in the government's brief, but the finding of the court is fairly dramatic with regard to the court's view of the credibility of the defendant. Did the judge rely on that? He says no details or no other . . . Counsel, wouldn't that have meant that what findings the court was making had to do with the defendant's credibility on the issues that were being addressed by the testimony? It wouldn't necessarily preclude a finding that the defendant could tell the truth at some future appearance. As a whole it would not, Your Honor, because each incident obviously in his time is spatially located, but specifically some of the references in the government's brief to the record with regard to the defendant, what the trial judge said with regard to the defendant, go to the issue of, for example, with regard to the Franks hearing, whether or not there was a legitimate claim later that the officers were lying, because in fact this defendant was open and notorious about calling other people liars in the context of the trial proceeding. In fact, that seemed to be the gravamen of the defendant's that this isn't going to go down this way with all these people lying about me, and yet he made no mention at all that these officers had lied in securing the search warrant. And again, it's not a single reference in the trial record. I can think of at least two and there may be more where there are references to the defendant indicating that other people had lied and actually also criticizing his counsel for doing or not doing certain things, but never having criticized counsel with regard to either a Franks hearing or this particular suppression hearing. Did he have enough in his allegations in the 2255 to suggest that the trash cans weren't readily accessible to the public? No, Your Honor, he did not. I think a fair review of the 2255 that was submitted does not do that. I think that does not come until the 28-J letter, which of course is well after the court has made its decision. I mean, he does sort of suggest that it's private property there was a fence where the trash in question was that separated my home from my neighbor's home. Doesn't that get close to suggesting that the trash cans are actually up by his house? It could suggest that, Your Honor. Whether or not it gives detail that goes beyond Camus, I would argue it does not. Would that distinguish Camus or not? If the trash cans were up by his house? No, not necessarily. And the reason it would not is because I don't think that the trash cans in Camus were necessarily right there. I think if I remember the circumstance, the officer was able to drive up in his van and actually reach out and pick up a bag off the street. I don't think that's the end of the analysis. Those are only the facts. The analysis really turns on the cat's analysis of the expectation of privacy. As does Jardine. Jardine specifically says you don't end the analysis at the curtilage. You also have to conduct an expectation of privacy. And even looking at the photographs that were eventually handed in with the 28-J submission to this court, and again realizing that this is all well after the district court has made its decision, even looking at that, I think that there's an argument that can be made by the government that the driveway that clearly goes behind what the defense has styled as a multi-family residence is a service drive for that building. And there is not necessarily an expectation of privacy with regard to that garbage can. For example, there's actually a little portico or porch that is depicted in the photograph if you look at the exhibit. The garbage can is not sitting on that little portico or porch that leads directly to the door. It's seated on the outside of that in what appears to be more the general part of this drive. In fact, it's right next to a motor vehicle. It's not the situation for example where I think the defendant would have a much more significant argument if there was a fence enclosed container next to the portico for the placement of the trash so that you had to open a gate to remove the trash. That would seem to create a greater expectation of privacy that does not necessarily exist in this case. But again, remember that is not what the district court had before it. And I think that's another reason why it was not an abuse of discretion for this judge to deny this hearing, this 2255 without hearing. The record is that there were a couple of submissions by the defendant to the district court. And in those submissions to the district court, the defendant said I have these other things that I'm going to be getting for you. The judge allowed four weeks to go by and nothing else came. And those apparently are the things that came attached to the 28J letter long after the fact, long after the district court decided to deny the 2255 without a hearing. So aside from the issue of meritless claim and ineffective assistance of counsel which under a de novo review I think it's fairly clear that's a basis under a case cited by the defendant Baumann v. United States, which is a Ninth Circuit case cited by the defendant, clearly says that the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel. And there are certainly other cases, but that's one cited by the defendant. But in addition to that, the court had other factors it could look at under an abuse of discretion standard to deny the 2255 without a hearing. Those being very significant issues with regard to the defendant's credibility, which are not only general, but go specifically to the issue of the effective assistance of his counsel and whether or not people were lying in the context of this particular case. Neither of which ever touched upon the issues purported to be raised by the defendant in the 2255. And then finally, the defendant having promised to send other things which in fact might have generated a hearing with regard to the 2255, and a reasonable period of time having passed, and the defendant not having done that, the court reasonably, not an abuse of discretion, dismissed the 2255 without a hearing. It's only much later that the rest of the record is then much later. And now this court has before it a record which might arguably generate a hearing, although the government would indicate that based on what's been submitted, Komoot could still be found to be controlling and that would be the end of it. But that's not what the district court had in front of it. The district court acted without an abuse of discretion in dismissing this without a hearing. The defendant simply failed to present something to the court which even if taken as truthful on its face, generated a sufficient need for a hearing, a sufficient issue, particularly in light of Komoot at that time clearly being the law of the Eighth Circuit. And the government would argue that Jardine does not necessarily change that because Jardine still turns upon an expectation of privacy analysis and even looking at what the defendant has submitted under the grounds to believe that even under Jardine, let alone Komoot, that the defendant would still be denied relief on the face of the submissions. Thank you, Mr. O'Meara. Thank you. Ms. Campbell, let me conclude your argument. I lost count how many times Mr. O'Meara said abuse of discretion. It is not abuse of discretion. It is de novo review. There is no question under the law that this is a de novo review. And we don't look at whether the judge abused his discretion doing what he did. We look at the record and you look at it and you make the determination if there is ever a chance that Mr. Anderson's petition is sufficient and they could ever get any sort of relief, it must go on. We are at the initial review stage. They haven't even issued an answer. We don't have a factual hearing. We don't have an answer to why the trial counsel didn't file a motion to suppress. Maybe it was that he says, well, you know what, I didn't even research it. I didn't know what the Eighth Circuit precedent was. We don't have that record. Does your client need to and did he even allege that he told his attorney that there was a lie in the search warrant? He did allege it and then he provided later an affidavit of people that said that he alleged it. He specifically said he told him to file the motion to suppress and that he did not. No, no, but the question is did he allege that he told him that the trash was not at the curb? I don't think that specific fact is in the petition. Because a lot of people could ask for filing of a motion to suppress without giving the lawyer an adequate basis for the motion. Well, it would be the lawyer's duty to research that. You're putting on a criminal defendant knowing what the thing is. What he would have said is this isn't true in here. These aren't true. Yeah, does he allege that that he told his lawyer that the officer statements were untrue? Or do you think he just alleged that he asked him to file a motion and you want us to infer that it Yeah, I don't think he says in his initial petition specifically what he said to his lawyer. I mean that's again something that would have to be developed at the trial level. I think you then you can give him the benefit of the inference because you look at the face of the complaint and he says he told him to file a motion to suppress and then he also says that the affidavit isn't true and then he also says that those trash cans were next to the house. But he doesn't say I gave my counsel a reason to believe that it would be successful. He doesn't have to. At this stage, I think you might have to at a hearing stage, at an evidentiary hearing, you'd have to, we could pursue that. But we're at an initial review stage and so you're looking at whether or not there's any set of circumstances under the face of this complaint that he could be entitled to relief. If there's ever any circumstance. So he tells his lawyer that he wants to have it filed and he tells you that the law enforcement isn't honest in the affidavit. You then infer is there any further facts that could be developed that would indicate that he would get relief. And the answer is yes. There are. The officer, if we could develop the facts that the officer wasn't honest about where those trash cans were, if we could develop facts about what the conversation was between the lawyer and the client, which is the whole point of the 2255 hearing, there would be a circumstance under the facts that we know that he could get relief. The government cites this Hamburg case in its brief. You didn't address it in the reply brief. But there the petitioner argued because there's a circuit split on a certain issue, his counsel was deficient for failing to raise a certain objection. And the panel says, well, our circuit law was settled against the defendant and so it was not in effective assistance. Doesn't that really resolve the legal issue that we talked about originally about whether counsel has that obligation? I don't think so. That would be my position is that no, it wouldn't necessarily. You don't have, I mean, you're giving the benefit to the trial counsel as to what his reasons were. We don't have that in the record. There could be a circumstance that we could get relief in this case. It may not turn out to be that we end up with those facts, but we are at a rule for dismissal. And if there could be a circumstance where this was ineffective assistance of counsel, then he gets to proceed. It may be that he proceeds and he loses, but he gets to proceed. Thank you, Ms. Campbell.